IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
FREDERICK MICHAEL BIGGS,       )
                               )
          Plaintiff,           )
                               )
     v.                        )     1:14CV783
                               )
OCWEN LOAN SERVICING, LLC,     )
and DOES 1 through 20,         )
inclusive,                     )
                               )
          Defendants.          )
```

## MEMORANDUM OPINION AND ORDER

**OSTEEN, JR., District Judge**

Plaintiff Frederick Michael Biggs ("Plaintiff"), proceeding pro se, has asserted two claims against Defendant Ocwen Loan Servicing, LLC ("Ocwen" or "Defendant") regarding a foreclosure proceeding.[1] This matter comes before this court on Defendant's Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. (Doc. 8.) This court has carefully considered Defendant's Motion and supporting

---

[1] Plaintiff also asserted the same claims against Does 1 through 20. To date, Does 1 through 20 have not been named and Plaintiff asserts no independent basis for liability against them. Therefore, for the same reasons this court will grant Ocwen's Motion to Dismiss, this court will dismiss Plaintiff's Complaint as to Does 1 through 20 without prejudice.

Memorandum, Plaintiff's responses in opposition[2] (Docs. 11, 13), and Defendant's Reply (Doc. 12). For the reasons stated fully below, this court will grant Defendant's Motion to Dismiss (Doc. 8) and dismiss the present action for failure to state a claim.

I.  **BACKGROUND**

Plaintiff commenced the present action in Rockingham County Superior Court on August 11, 2014, against Defendants Ocwen Loan Servicing, LLC, and Does 1 through 20, inclusive. Defendant Ocwen Loan removed this action to this court on September 12,

---

[2] Defendant filed a Motion to Disregard Plaintiff's Opposition to Motion to Dismiss, or, in the Alternative, Reply to Plaintiff's Opposition to Motion to Dismiss (Doc. 12). Defendant alleges that Plaintiff's response (Doc. 11) was not filed until four days after the filing deadline in violation of Local Rule 7.3(f). This court declines to disregard Plaintiff's response and will deny Defendant's motion. First, this court notes that Plaintiff is proceeding pro se and this court gives great deference to that fact. Second, the filing was only four days late and neither party suffered any harm as a result. "[T]he general sanctions provision of the Court's Local Rules leaves the decision about whether and/or how to address violations of the Local Rules to the discretion of the Court." Macko v. Disaster Masters, Inc., No. 1:10CV424, 2011 WL 1458504, at *2 (M.D.N.C. Apr. 15, 2011)(citing M.D.N.C. R. 83.4).

2014, pursuant to diversity jurisdiction.[3] (Notice of Removal (Doc. 1).) On September 19, 2014, Defendant filed a Motion to Dismiss and a corresponding Brief in support of that motion. (Docs. 8, 9.) Plaintiff filed a Response in Opposition to Motion to Dismiss on October 14, 2014 (Doc. 11), and on October 22, 2014, Defendant filed a Reply (Doc. 12). On October 31, 2014, Plaintiff filed an Objection to Defendant's Reply (Doc. 13). Defendant's motion is thus ripe for review.

The present action stems from a threatened foreclosure of Plaintiff's property in Rockingham County, North Carolina ("Property"). (Complaint ("Compl.") (Doc. 2) at 1-2.) Plaintiff asserts that he obtained a loan for his Property on May 11, 2009 from Defendant. (Id. ¶ 7.) According to the Complaint, Plaintiff suffered "economic hardship as a result of the faltering economy" in 2013 and 2104 and fell behind on his loan payments. (Id. ¶ 8.) Plaintiff made inquiries to Defendant in an effort to "explore option[s]" and "avoid foreclosure." (Id.)

---

[3] The parties in the present action are completely diverse. Plaintiff is a North Carolina resident. Defendant is a limited liability company whose sole member is Ocwen Mortgage Servicing, Inc. Ocwen Mortgage Servicing, Inc., is a corporation incorporated in the U.S. Virgin Islands and whose principal place of business is in the U.S. Virgin Islands. The amount in controversy exceeds the statutory minimum for diversity. (Notice of Removal (Doc. 1) at 1-2.)

- 3 -

On January 18, 2014, Plaintiff mailed a loan modification package to Defendant. (Id. ¶ 10.) Plaintiff mailed the same package again to Defendant on January 29, 2014. (Id.) When Plaintiff inquired whether or not Defendant had received the loan modification package, Plaintiff was told that it was under review. (Id.) Subsequently, Defendant told Plaintiff that Defendant needed proof of new income and that the Property was qualified for a loan modification. (Id. ¶ 11.) After that, Plaintiff was given conflicting information regarding the loan modification, ranging from the Property qualifying to Defendant had not received Plaintiff's loan modification package. (Id. ¶ 12.) Defendant did not alter the loan and scheduled a foreclosure sale.[4] (Id. ¶ 9.) There is no evidence presently before this court of any written communication or documentation regarding any loan modification.

II. **LEGAL STANDARD**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. V. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible

---

[4] Plaintiff does not give any dates for communication or the foreclosure sale.

provided the plaintiff provides enough factual content to enable the court to reasonably infer that the defendant is liable for the misconduct alleged.  Id.  The pleading setting forth the claim must be "liberally construed" in the light most favorable to the nonmoving party, and allegations made therein are taken as true.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).  However, the "requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege any facts [that] set forth a claim."  Estate of Williams-Moore v. Alliance One Receivables Mgmt., Inc., 335 F. Supp. 2d 636, 646 (M.D.N.C. 2004).

Rule 12(b)(6) protects against meritless litigation by requiring sufficient factual allegations "to raise a right to relief above the speculative level" so as to "nudge[] the[] claims across the line from conceivable to plausible." Twombly, 550 U.S. at 570; see Iqbal, 556 U.S. at 678. Under Iqbal, the court performs a two-step analysis. First, it separates factual allegations from allegations not entitled to the assumption of truth (i.e., conclusory allegations, bare assertions amounting to nothing more than a "formulaic recitation of the elements"). Iqbal, 556 U.S. at 681.  Second, it determines whether the factual allegations, which are accepted as true, "plausibly

- 5 -

Case 1:14-cv-00783-WO-JLW   Document 17   Filed 08/05/15   Page 5 of 13

suggest an entitlement to relief." Id. "At this stage of the litigation, a plaintiff's well-pleaded allegations are taken as true and the complaint, including all reasonable inferences therefrom, are liberally construed in the plaintiff's favor." Estate of Williams-Moore, 335 F. Supp. 2d at 646.

When a party is proceeding pro se, that party's filings are "to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted). It is important to note that, in the case of a pro se plaintiff, the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions." Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (dismissing pro se complaint).

**III. ANALYSIS**

Plaintiff asserts two causes of action: (1) breach of contract and (2) promissory estoppel. Plaintiff's breach of contract action stems from the alleged "wrongful foreclosure" of his Property. (Compl. (Doc. 2) ¶ 20.) Plaintiff's action for

promissory estoppel is based on Plaintiff's asserted reliance on Defendant's promises regarding a loan modification. (Id. ¶¶ 25-28.) This court will address each cause of action in turn.

### A. **Breach of Contract**

This court is sitting in diversity and must apply North Carolina substantive law to Plaintiff's breach of contract claim. See Homeland Training Ctr., LLC v. Summit Point Auto. Research Ctr., 594 F.3d 285, 290-91 (4th Cir. 2010). In North Carolina, "[t]he elements of a claim for breach of contract are (1) existence of a valid contract and (2) breach of the terms of that contract." Becker v. Graber Builders, Inc., 149 N.C. App. 787, 792, 561 S.E.2d 905, 909 (2002) (quoting Poor v. Hill, 138 N.C. App. 19, 26, 530 S.E.2d 838, 843 (2000)).

The contract Plaintiff asserts was breached is the Deed of Trust dated May 11, 2009, between Frederick Michael Biggs and Jetta B. Biggs and First Financial Services, Inc. (Deed of Trust ("Deed") (Doc. 2-1).) The Deed relates to the Property being foreclosed by Defendant. (Id. at 6.)[5] Pertinent to Plaintiff's

---

[5] All citations in this Memorandum Opinion and Order to documents filed with the court refer to the page numbers located at the bottom right-hand corner of the documents as they appear on CM/ECF.

breach of contract claim is Section 9 of the Deed entitled

"Grounds for Acceleration of Debt." Section 9 states:

> (a) Default. Lender may, except as limited by regulations issued by the Secretary in the case of payment defaults, require immediate payment in full of all sums secured by this Security Instrument if:
> (i) Borrower defaults by failing to pay in full any monthly payment required by this Security Instrument prior to or on the due date of the next monthly payment.

(Id. at 8.) Section 18 of the Deed details the foreclosure rights of Defendant:

> Foreclosure Procedure. If Lender requires immediate payment in full under paragraph 9, Lender may invoke the power of sale and any other remedies permitted by applicable law.

(Id. at 10.) "[T]he law does not typically impose upon lenders a duty to put borrowers' interests ahead of their own. Rather, borrowers and lenders are generally bound only by the terms of their contract and the Uniform Commercial Code." Dallaire v. Bank of America, N.A., 367 N.C. 363, 368, 760 S.E.2d 263, 267 (2014). There is nothing in the Deed creating an affirmative duty on the part of Defendant to facilitate a loan modification.[6] The terms of the Deed explicitly allow Defendant to accelerate

---

[6] Plaintiff alleges that "[d]efendant failed to follow the contract's provision to abide by Federal and North Carolina law by allowing Plaintiff to modify the loan pursuant to Federal and State law," but does not give evidence of action creating a duty to modify the loan on the part of Defendant. (Compl. (Doc. 2) ¶ 18.)

- 8 -

the loan payments and foreclose on the property subject to the Deed if the borrower (here Plaintiff) defaults, and Plaintiff admits that he fell behind on loan payments. (Compl. (Doc. 2) ¶ 8.) In addition, Plaintiff has not pled any facts to show that the loan was ever actually modified and a new contract created. Absent such a showing, the Deed is the contract this court must rely on in assessing Plaintiff's breach claim.

As stated earlier, the Deed creates no duty on the part of Defendant to modify Plaintiff's loan, even if Plaintiff advised Defendant that Plaintiff could not pay on the mortgage. The Deed explicitly allows for acceleration of the debt if Plaintiff was in default on loan payments. Plaintiff does not deny he was in default on his loan; to the contrary, Plaintiff admits that he fell "behind on the payments that were purportedly due under the Loan." (Id.) Plaintiff has not alleged sufficient facts to allow this court to find that the loan was modified. On the evidence submitted, Plaintiff has not presented a viable claim against Defendant for breach of contract.

### B. Promissory Estoppel

Plaintiff's second cause of action is one for promissory estoppel. (Compl. (Doc. 2) at 6.) "The doctrine of promissory estoppel is an equitable doctrine wherein a party that has

- 9 -

Case 1:14-cv-00783-WO-JLW   Document 17   Filed 08/05/15   Page 9 of 13

reasonably relied on the promise of another may enforce the promise, absent valuable consideration, in order to avoid injustice." Norman v. Tradewinds Airlines, Inc., 286 F. Supp. 2d 575, 591 (M.D.N.C. 2003). Plaintiff's promissory estoppel claim is based on Plaintiff's alleged reliance "on promises of Ocwen . . . that the property would be modified and Defendant would not precede [sic] with foreclosure." (Compl. (Doc. 2) ¶ 25.) Plaintiff generally cites "fail[ure] to abide by North Carolina law" as the basis for his action, but does not cite any specific North Carolina law that has been violated.[7] (Id. at 1.)

"It is established law that an agreement to modify the terms of a contract must be based on new consideration or on evidence that one party intentionally induced the other party's

---

[7] In subsequent filings, Plaintiff cites New York law to bolster his claims of alleged statutory duty of the Defendant. (See Pl.'s Opp'n (Doc. 11).) New York law is not binding on this court or this controversy. However, Plaintiff also generally cites HAMP. (Id. at 2.) HAMP is the Home Affordable Modification Program established by the Treasury Department under the Troubled Asset Relief Program ("TARP"). "The purpose of HAMP was to help '3 to 4 million at-risk homeowners — both those who are in default and those who are at imminent risk of default' avoid foreclosure 'by reducing monthly payments to sustainable levels.'" Allen v. CitiMortgage, Inc., Civil No. CCB-10-2740, 2011 WL 3425665, at *1 (D. Md. Aug. 4, 2011) (internal citation omitted). Other than a single mention of HAMP (Pl.'s Opp'n (Doc. 11) at 2), Plaintiff offers no evidence of Defendant offering such a modification or being under an obligation to do so. See, e.g., Allen, 2011 WL 3425665, at *4 (Numerous courts have held that borrowers do not have an express or implied private right of action under HAMP.").

- 10 -

detrimental reliance." Clifford v. River Bend Plantation, Inc., 312 N.C. 460, 466, 323 S.E.2d 23, 27 (1984) (internal citations and quotation marks omitted). Plaintiff claims to have relied on Defendant's promise to his detriment by "not seek[ing] funding option to Tender or otherwise solve the problem." (Compl. (Doc. 2) ¶ 26.)

Generally, a loan modification must be in writing. "Because the contract in this case is a contract for the sale of land, it must be in writing to comply with the Statute of Frauds. When the original agreement comes within the Statute of Frauds, subsequent oral modifications of the agreement are ineffectual." Clifford, 312 N.C. at 465, 323 S.E.2d at 26. Plaintiff has provided no evidence of any written memorialization of a modification or promise of modification to satisfy the statute of frauds.

However, promissory estoppel can be an exception to the statute of frauds.[8] Promissory estoppel is limited and the exception does not apply to the present facts. "North

---

[8] "[T]he law of North Carolina includes, and where appropriate applies, the doctrine of promissory estoppel." Allen M. Campbell Co., Gen. Contractors, Inc. v. Virginia Metal Indus., Inc., 708 F.2d 930, 931 (4th Cir. 1983). "[T]he fact that the promise was entirely oral would not bar recovery." Id. at 934.

- 11 -

Carolina . . . does not recognize promissory estoppel as an affirmative cause of action. The clear law in North Carolina prohibits the use of promissory estoppel in an offensive manner." Rudolph v. Buncombe Cty. Gov't, 846 F. Supp. 2d 461, 477 (W.D.N.C.) (internal citations and quotation marks omitted), aff'd, 474 Fed. Appx. 931 (4th Cir. 2012).

Plaintiff is attempting to use promissory estoppel in an offensive manner by asking this court to find that some sort of binding loan modification exists despite no written modification being submitted or claimed. Even if Plaintiff's claim was presented in a defensive manner, this court finds that, based on the record, Plaintiff's promissory estoppel request is not supported by the proffered facts. Plaintiff has not introduced any evidence of an actual loan modification or any terms of a modification. In addition, Plaintiff has not pled facts to indicate that he detrimentally relied on the promise of a loan modification in such a way that would rise to the level necessitating equitable relief. Plaintiff defaulted on his loan. Defendant is within its rights pursuant to the Deed to foreclose. Absent any indication of a modification that alters the rights of Defendant to foreclose on Plaintiff's Property

after Plaintiff defaulted on his loan, this court finds that Plaintiff has not stated a claim for promissory estoppel.

## IV. CONCLUSION

For the reasons set forth herein, **IT IS HEREBY ORDERED** that Defendant Ocwen's Motion to Dismiss (Doc. 8) is **GRANTED** and that this case as to Defendant Ocwen is **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that this case as to Defendants DOES 1 through 20 is **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that Defendant's Motion to Disregard Plaintiff's Opposition to Motion to Dismiss (Doc. 12) is **DENIED.**

A judgment in accordance with this Memorandum Opinion and Order will be entered contemporaneously herewith.

This the 5th day of August, 2015.

                              _____
                                 United States District Judge

- 13 -

Case 1:14-cv-00783-WO-JLW   Document 17   Filed 08/05/15   Page 13 of 13